UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS SIMPSON,
Individually and on behalf of all
similarly situated individuals,

    Plaintiffs,

v.

JK&T WINGS, INC.,

    Defendant.

Case No.

Hon.

**COLLECTIVE ACTION
FAIR LABOR STANDARDS ACT**

**CLASS ACTION
IMPROVED WORKFORCE
OPPORTUNITY WAGE ACT**

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

**COLLECTIVE AND CLASS ACTION
<u>COMPLAINT AND JURY DEMAND</u>**

**NOW COMES** Plaintiff Douglas Simpson, individually and behalf of all other similarly situated individuals (hereinafter referred to as "Plaintiffs"), by and through their attorneys, HURWITZ LAW PLLC, hereby allege as follows:

## INTRODUCTION

1. Plaintiffs bring this collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. and class action under the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.931 *et seq*. for unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and other relief against Defendant JK & T Wings, Inc. (hereinafter referred to as "Defendant").

## PARTIES AND JURISDICTION

2. Plaintiff is an individual residing in Wayne, Michigan.

3. Defendant is a domestic profit corporation with a registered agent in Shelby Township, Michigan and a registered mailing address in Milford, Michigan.

4. The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under the claim under the Improved Workforce Opportunity Wage Act ("IWOWA") pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant owns and operates restaurants located in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

5. Defendant is a domestic profit corporation and franchisee that owns and operates more than eighty (80) Buffalo Wild Wing ("BWW") restaurants, including restaurants in Farmington Hills, Michigan and Canton, Michigan.

6. Defendant employs three to five "Managers" at each restaurant, who are each supervised by an "Assistant General Manager" and a "General Manager."

7. Defendant requires that all "Managers" report directly to an "Assistant General Manager" and a "General Manager."

8. The "Assistant General Manager" and the "General Manager" are the real management authorities at the restaurants.

9. Defendant pays all managers a salary and does not pay them overtime compensation for the hours they work or worked more than forty (40) hours a week.

10. Managers perform non-managerial tasks most of the time, including checking on patrons at their tables, serving patrons, and bussing tables.

11. Plaintiffs consistently and regularly work or worked more than forty (40) hours per week but are, or were, not compensated for their overtime work.

12. Plaintiffs were unlawfully misclassified as "exempt" and deprived of proper overtime compensation for hours worked in excess of forty (40) per week.

13. The proposed collective action class is defined as "all current and former Managers who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's restaurants."  Plaintiffs reserve the right to amend said class definition consistent with information obtained through the course of discovery.

**Plaintiff Douglas Simpson**

14. Plaintiff was employed from October 2020 through June 2022 at the restaurants located at 31205 Orchard Lake Road, Farmington Hills, Michigan 48334 and 41980 Ford Road, Canton, Michigan 48187 owned and operated by Defendant.

15. Plaintiff was paid a salary of $52,000.00.

16. Plaintiff worked at least fifty (50) hours per week.

17. Plaintiff spent at least thirty (30) hours per week performing the job duties of a Line Cook, a position classified as non-exempt.

18. Plaintiff performed non-managerial tasks most of the time, including checking on patrons, serving patrons, bussing tables and working as a cashier.

19. Plaintiff did not have authority to make any final hiring or firing decisions.

20. Plaintiff could only make recommendations to the Assistant General Manager and the General Manager, who made all final hiring and firing decisions.

21. Plaintiff was unlawfully misclassified as "exempt" and deprived of proper overtime compensation for hours worked in excess of forty (40) per week.

22. Plaintiff was deprived of wages in exact amounts to be determined at trial, but at a minimum, he is owed no less than $35,000.00 in unpaid overtime compensation during his employment of approximately twenty (20) months.

# COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER (UNPAID OVERTIME WAGES)

23. Plaintiffs incorporate the allegations in the foregoing paragraphs.

24. Plaintiffs are former and current "employees" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

25. Defendant was and continues to be an "enterprise engaged in interstate commerce or in the production of goods" within the meaning of 29 U.S.C. § 203.

26. Plaintiffs were unlawfully misclassified as "exempt" and deprived of proper overtime compensation for hours worked in excess of forty (40) per week.

27. Defendant's conduct in this regard was knowing and willful.

28. Plaintiffs and all other similarly situated employees were and are being deprived of earned wages in amounts to be determined at trial. Plaintiffs are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

29. The proposed "opt in" collective action pursuant to 29 U.S.C. § 216(b) is defined as "all current and former Managers who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's restaurants." Plaintiffs reserve the right to

amend said collective action definition consistent with information obtained through the course of discovery.

## COUNT II
## VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNTY WAGE ACT ("IWOWA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER (UNPAID OVERTIME WAGES)

30. Plaintiff incorporates the allegations in the foregoing paragraphs.

31. Plaintiffs are former and current "employees" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.932.

32. Defendant was and continues to be an "employer" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"). *Id.*

33. "An employer shall not pay any employee at a rate less than prescribed" in the Improved Workforce Opportunity Wage Act ("IWOWA"). *Id.* 408.933.

34. Plaintiffs were unlawfully misclassified as "exempt" and deprived of proper overtime compensation for hours worked in excess of forty (40) per week.

35. Defendant's conduct in this regard was knowing and willful.

36. Plaintiffs and all other similarly situated employees were and are being deprived of earned wages in amounts to be determined at trial. They are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

37. Plaintiffs seek to certify their claims under the Improved Workforce Opportunity Wage Act ("IWOWA") as a class action under Fed. R. of Civ. P. 23.

38. The proposed class is defined as "all current and former Managers who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's restaurants." Plaintiffs reserve the right to amend said class definition consistent with information that will be obtained through the course of discovery.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a. Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Designation of this action as a class action pursuant to the Improved Workforce Opportunity Wage Act ("IWOWA") and prompt issuance of notice;

c. An award of unpaid overtime wages under federal and state law;

d. An award of liquidated damages under federal and state law;

e. Prejudgment interest;

f. Attorneys' fees and costs under federal and state law; and

g. Such other relief as in law or equity may pertain.

                                                Respectfully Submitted,
                                                HURWITZ LAW PLLC
                                                /s/ *Noah S. Hurwitz*
                                                Noah S. Hurwitz (P74063)
                                                Attorneys for Plaintiffs
                                                617 Detroit St., STE 125
                                                Ann Arbor, MI 48104
                                                (844) 487-9489

Dated: June 27, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS SIMPSON,<br>Individually and on behalf of all<br>similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>JK&T WINGS, INC.,<br><br>    Defendant. | Case No.<br><br>Hon.<br><br>**COLLECTIVE ACTION**<br>**FAIR LABOR STANDARDS ACT**<br><br>**CLASS ACTION**<br>**IMPROVED WORKFORCE**<br>**OPPORTUNITY WAGE ACT** |

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Douglas Simpson, individually and on behalf of all similarly situated individuals, by and through his attorneys, Hurwitz Law PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                                        Respectfully Submitted,

                                        HURWITZ LAW PLLC

                                        /s/ *Noah S. Hurwitz*
                                        Noah S. Hurwitz (P74063)
                                        Attorneys for Plaintiffs
                                        617 Detroit St., STE 125
                                        Ann Arbor, MI 48104
                                        (844) 487-9489

Dated: June 27, 2022